# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELYSE WILSON,

    Petitioner,

v.

PENNSYLVANIA ATTORNEY GENERAL,
FAYETTE COUNTY DISTRICT
ATTORNEY, and VINCENT TIBERI,

    Respondents.

Civil Action No. 15-1556
Judge Nora Barry Fischer/
Chief Magistrate Judge Maureen P. Kelly

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the First Amended Complaint, ECF No. 2-1, seeking to challenge the validity of the State Court conviction of Elyse Wilson ("Petitioner"), be dismissed pre-service.

### II. REPORT

Petitioner was formerly a state prisoner. However, at the time of the filing of the instant case, she had already been released from all custody arising from the state court drug convictions that she seeks to attack herein. Petitioner did not file the instant case until November 25, 2015, when she signed her Motion for Leave to Proceed In Forma Pauperis. ECF No. 1. However, she concedes that she was released from all custody arising from the convictions that she seeks to challenge herein as of August 23, 2013. ECF No. 5, ¶ 9. A telephone call to the State Correctional Institution at Cambridge Springs confirmed that on August 23, 2013 Petitioner was

unconditionally released from the State Correctional Institution at Muncy, after serving her maximum sentence for the convictions challenged herein.

Petitioner invokes the All Writs Act as the jurisdictional basis for the present suit, ECF No. 5 at 1 ("Petitioner Elyse Wilson files this equitable writ of error for relief under 28 U.S.C. § 1651(a).").[1] However because the All Writs Act does not confer any jurisdiction on this Court to entertain an attack by Petitioner on her state court convictions, the case must be dismissed pre-service for lack of subject matter jurisdiction.

A. Discussion

**1. Courts can raise subject matter jurisdiction sua sponte.**

A court always has the inherent power to sua sponte raise its own subject matter jurisdiction. Palmer v. Barram, 184 F.3d 1373, 1377 (Fed. Cir. 1999)("The question of subject matter jurisdiction, therefore, is one that may be raised sua sponte by the court, as it was here, and our jurisdiction to address and decide it is inherent."). See also Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)("[i]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.") (citations omitted). Alternatively, the Court always has inherent power to control its own dockets even apart from considerations of subject matter jurisdiction so as to enable the court to dismiss prior to service improper pleadings. See, e.g., Carroll v. Court of Common Pleas of Allegheny County, No. CIV.A. 07-1707, 2008 WL 426272, at *1 (W.D.Pa. Feb. 14, 2008) ("Pursuant to the court's inherent power to control its own dockets, the court recommends that

---

[1] 28 U.S.C. § 1651(a) provides: "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

this petition be dismissed pre-service")(footnote omitted)(citing, Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

## 2. Coram Nobis does not grant jurisdiction over state court convictions.

To the extent that the present Petition may be construed as a request for a writ of coram nobis, it is properly dismissed pre-service because a federal court does not have subject matter jurisdiction over a writ of coram nobis that seeks to attack a state court judgment. Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003) ("Four Courts of Appeals have held that coram nobis is not available in a federal court as a means of attack on a state criminal judgment. *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) (coram nobis applicant is to be sent to court that issued judgment); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (same); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) (same); *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962) (coram nobis petition set forth no claim for relief cognizable in federal court). We agree with those cases. Obado can seek coram nobis relief only in state court."); Sinclair v. State of La., 679 F.2d 513, 514-15 (5th Cir. 1982) ("It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments."); Tavares v. Massachusetts, 59 F.Supp.2d 152, 154 (D.Mass. 1999).

Accordingly, to the extent that the present filing constitutes a petition for writ of coram nobis, it should be dismissed pre-service for lack of subject matter jurisdiction, given that the judgment Petitioner seeks to attack is a state court judgment and not a judgment from this Court.

### 3. Audita Querela does not grant jurisdiction over state court convictions.

To the extent that the case can be characterized as an attempt to file for a writ of audita querela, the case should be dismissed pre-service because the Court lacks subject matter jurisdiction over any such writ.

The writ of audita querela is extremely limited and does not grant subject matter jurisdiction to federal courts to review state court convictions. As explained by one court:

> Petitioner's reference to "audita querela" cannot trump the *Rooker–Feldman* doctrine. Audita querela has been described as "an old common-law writ permitting a defendant to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment.' " *United States v. Johnson,* 962 F.2d 579, 582 (7th Cir.1992), quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2867, at 235 (1973). *See also Carrington v. United States,* 503 F.3d 888, 890, n. 2 (9th Cir.2007) ("Audita querela, literally 'the complaint having been heard,' is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued").[2]
>
> Audita querela, coram nobis, and some other common law writs, have been expressly "abolished" in federal *civil* cases by Fed.R.Civ.P. 60(e). However, the Supreme Court has held that another ancient writ, coram nobis, can be used, under certain very rare circumstances, to review a judgment in a *federal criminal* case. *United States v. Morgan,* 346 U.S. 502, 506, n. 4 (1954) (explaining that coram nobis, like the post-conviction remedy provided by 28 U.S.C. § 2255, is to be sought by a motion in a criminal case, so Rule 60 of the Federal Rules of Civil Procedure is not directly applicable). Relying on *Morgan,* some federal courts have concluded that audita querela might also be available, in very rare circumstances, as a means of post-conviction review *in federal criminal cases.* *See e.g., United States v. Reyes,* 945 F.2d 862, 865 (5th Cir.1991) ("because the Supreme Court in ... [*Morgan* ] held that the writ of coram nobis was still available in criminal proceedings, it is likely that Rule 60(b) did not abolish the writ of audita querela to the extent it might otherwise have been available to attack a criminal conviction"); *United States v. Torres,* 282 F.3d 1241, 1245, n. 6 (10th Cir.2002) ("the Supreme Court held in ... [*Morgan* ] that the writ of coram nobis could still be pursued in the criminal contexts under the All Writs Act," and like four other federal circuit courts, "we assume for purposes of this case only that a prisoner may [also] seek a writ of audita querela under the All Writs Act").
>
> It is hardly surprising, however, that Petitioner has not identified any federal court case in which a final *state court* judgment has been reviewed by means of audita

> querela. Federal courts might, under very unusual circumstances, review a *federal* criminal conviction based on audita querela, but the Court has been unable to find even one federal court case in which a *state* criminal conviction has been reviewed based on audita querela.
>
> Again, *Rooker–Feldman* dictates that final state court judgments are not reviewable in a federal district court, except in habeas corpus actions brought under 28 U.S.C. § 2254. *Skit Intern ., Ltd. v. DAC Technologies of Arkansas, Inc.,* 487 F.3d 1154, 1156 (8th Cir.) ("[t]he United States Supreme Court is the only federal court empowered to exercise appellate review of state court judgments, except for habeas petitions"), *cert. denied,* 552 U.S. 991 (2007). The federal habeas statute provides a *unique* means of seeking federal district court review of a state court judgment. Because Petitioner is not presently seeking habeas corpus relief under § 2254, the judgment entered against him in his state court criminal case is not reviewable in federal court.

Jones v. Minnesota, No. CIV.A. 11-2501 JNE, 2011 WL 4947647, at *4-5 (D. Minn. Sept. 28, 2011) report and recommendation adopted, No. CIV. 11-2501 JNE/AJB, 2011 WL 4957369 (D. Minn. Oct. 18, 2011) vacated, No. CIV. 11-2501 JNE/AJB, 2011 WL 5248086 (D. Minn. Nov. 3, 2011) and report and recommendation adopted, No. CIV. 11-2501 JNE/AJB, 2011 WL 5248086 (D. Minn. Nov. 3, 2011). See also McCray v. United States, No. 4:09-CR-00519-RBH, 2013 WL 1635572, at *1 (D.S.C. April 16, 2013).

**4. Only the habeas statute grants jurisdiction over state court convictions.**

Because Petitioner's First Amended Complaint is really an attack on her state court drug convictions, the Court recommends pre-service dismissal of it because such a request/attack is properly brought only via a petition for writ of habeas corpus. See, e.g., Wells v. King, 340 F. App'x 57, 58 (3d Cir. 2009) ("We are similarly unaware of any power that a federal court has to overturn a state criminal conviction obtained by fraud, outside of power authorized by statute; i.e. through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254."); Beaven v. Roth, 74 F. App'x 635, 638 (7th Cir. 2003) ("Federal courts do have authority to review collaterally state-court judgments in criminal cases, but only through habeas corpus. Indeed, 'habeas corpus is the

exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release'")(quoting Heck v. Humphrey, 512 U.S. 477, 481 (1994))(some citations omitted).

In light of the rule that Federal Courts have authority, i.e., jurisdiction, only through habeas corpus to review state court convictions collaterally, then, in law and in fact, the present case is jurisdictionally a habeas petition. However, given that, at the time of the filing of the present case, Petitioner was no longer "in custody" arising out of the convictions that she seeks to attack, the Court lacks habeas subject matter jurisdiction over this case. Maleng v. Cook, 490 U.S. 488, 492 (1989). At least she has not carried her burden to show that she was in custody at the time of the filing of the instant case. Brown v. Wenerowicz, No. CIV.A. 13-430, 2013 WL 2404152, at *4 (W.D. Pa. May 31, 2013) ("Moreover, it is the burden of the habeas petitioner to establish the jurisdictional predicate that he was in custody at the time of filing his habeas petition.") (quoting United States ex rel. Johnson v. Cavell, 468 F.2d 304, 319 (3d Cir. 1972) ("Indeed, by seeking to invoke a district court's habeas corpus jurisdiction, petitioner carried the burden of affirmatively showing the presence of jurisdictional prerequisites....")).

Given that the Court lacks subject matter jurisdiction over the present case, it is recommended that the case be dismissed. To the extent one is needed a Certificate of Appealability should be denied.

### III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the case be dismissed before being served because this Court lacks subject matter jurisdiction over this case.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule

established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

Date: February 4, 2016                    <u>s/Maureen P. Kelly</u>
                                          MAUREEN P. KELLY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Nora Barry Fischer
       United States District Judge


       ELYSE WILSON
       1268 Decatur Street, Apt. 104
       Pittsburgh, PA 15233


       All counsel of record via CM/ECF