IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ELYSE WILSON,

    Petitioner,

v.

PENNSYLVANIA ATTORNEY GENERAL,
FAYETTE COUNTY DISTRICT
ATTORNEY, and VINCENT TIBERI,

    Respondents.

Civil Action No. 15-1556
Judge Nora Barry Fischer/
Chief Magistrate Judge Maureen P. Kelly

## **MEMORANDUM ORDER**

Elyse Wilson ("Petitioner") filed an Amended Petition, ECF No. 5, seeking to attack state court convictions for which she was no longer in custody. Chief United States Magistrate Judge Kelly filed a Report, recommending pre-service dismissal of the case due to this Court lacking subject matter jurisdiction over the case and also recommended that, to the extent necessary, a Certificate of Appealability be denied. ECF No. 7. No objections were filed and thereafter, this Court adopted the Report *in toto*, including its recommendation to deny a Certificate of Appealability to the extent that it was needed, and dismissed the case. ECF No. 8.

Only after the Court entered its final order dismissing the case, did Petitioner file a Motion for Extension of Time to File a Brief in Opposition to the Report, ECF No. 9, and a Brief in Support of the Motion for Extension of Time. ECF No. 10. The Court denied the Motion without prejudice to being refiled and properly supported with affidavits. ECF No. 11.

Petitioner then filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit. ECF No. 12. The Court of Appeals, apparently deciding that this case was indeed a Petition filed pursuant to 28 U.S.C. § 2254, remanded the case to this Court for the issuance of a Certificate of Appealability or stating reasons why a Certificate of Appealability should be denied. ECF No. 13. This Court then filed an Order explicitly denying the issuance of a Certificate of Appealability for the reasons stated in the Report and Recommendation. ECF No. 15.

Petitioner then filed, with the assistance of a "certified legal intern" a Motion entitled "Plaintiff's Motion to Reopen," ECF No. 16, with supporting affidavits as required by this Court in its prior Order. ECF No. 11. Petitioner's Motion to Reopen was treated by this Court as what it was, a Motion filed pursuant to Fed.R.Civ.P. 60(b)(1). Given that Petitioner had already filed a Notice of Appeal, the Court followed the procedure noted in Ginsburg v. Birenbaum, No. CIV.A. 06-01217, 2008 WL 2073975, at *1 (W.D. Pa. May 14, 2008) ("If that court [i.e., the lower court] indicates that it will grant the motion [under Rule 60], the appellant should then make a motion in this court [i.e., the appellate court] for a remand of the case in order that the District Court may grant the motion ....") (quoting Main Line Fed. Savs. & Loan Assoc. v. Tri-Kell, Inc., 721 F.2d 904, 906 (3d Cir. 1983)). The Court notified the parties and the Court of Appeals of its intent to grant Petitioner's Motion to Reopen for the purpose of permitting Petitioner to file Objections to the Report and Recommendation. Petitioner was then ordered to file her Objections no later than June 29, 2016. She failed to do so. Accordingly, on July 7, 2016, the Court ordered her to show cause why the Report should not be again adopted. Petitioner was required to file her response to the Show Cause Order by July 21, 2016. On July 12, 2016, the Court received a Notice and Reservation of Response from the Fayette County

District Attorney's Office, indicating that they had received a copy of Petitioner's Objections to the Report. ECF No. 23. Finally, on July 22, 2016, the Court received Petitioner's Objections. ECF No. 24. Having conducted a thorough review, we find that nothing in Petitioner's Objections merits rejection of the Report.

The Report correctly found that this Court lacked subject matter jurisdiction over the Petition because the writs of *audita querela* and *coram nobis* do not provide subject matter jurisdiction to the federal courts to review state court criminal convictions. Hence, the only proper jurisdictional basis for this Petition would be 28 U.S.C. § 2254, as a writ of habeas corpus seeking to attack her state court conviction. However, the Report further correctly found that, at the time of the filing of her Petition, Petitioner had completely served her sentence on the conviction which she sought to attack. Hence, the Report correctly concluded that this Court lacked subject matter jurisdiction over the habeas Petition.

In her Objections, Petitioner asks this Court to fill in the "gaps in the current system of post conviction relief[,]" see ECF No. 24 at 5, or, to fill in the "interstices of the post-conviction relief system." Id. at 7. Petitioner apparently believes the rule that federal habeas corpus petitions require a petitioner be in custody at the time of the filing of the petition in order to properly invoke a federal court's habeas subject matter jurisdiction is a mere "gap." However, the rule requiring custody at the time of the initiation of the Petition is not a mere gap but a matter of subject matter jurisdiction, as the Report correctly concluded.

Only by speaking in general terms of the "post conviction relief system" can the Petitioner pass over the nuances of the cases cited in support of the proposition that the federal courts can fill in the gaps. All of the cases cited by the Petitioner in support of the proposition that federal courts can fill in the gaps are cases dealing with federal prisoners, seeking post

conviction relief from their federal convictions and/or sentences. While federal courts may well have jurisdiction under the All Writs Act and under federal criminal common law to fill in the gaps of federal post conviction relief for federal prisoners, it is an entirely different matter to say that federal courts can expand their subject matter jurisdiction to do so with respect to state court convictions and federal review of those state court convictions.

At base, federal courts are courts of limited jurisdiction. Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 203 F.3d 291, 299 (4th Cir. 2000) ("Federal courts are courts of limited jurisdiction whose power is derived from the Constitution and statute, and that power cannot be expanded by judicial decree.") (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Federal Courts possess only that subject matter jurisdiction granted to them by the Constitution and by the Congress. It is bedrock law that the only way federal courts have subject matter jurisdiction to review state court convictions is by means of the Congressional grant of subject matter jurisdiction via Section 2254 and Section 2241. Ex parte Bollman, 8 U.S. (4 Cranch) 75 (1807)(state prisoners have no federal habeas corpus right unless Congress creates one); Ex parte Dorr, 44 U.S. (3 How.) 103, 105 (1845)(the Court ruled that "neither this nor any other court of the United States, or judge thereof, can issue a [writ of] habeas corpus to bring up a prisoner, who is in custody under a sentence of execution of a state court, for any other purpose than to be used as a witness."). See also Wells v. King, 340 F. App'x 57, 58 (3d Cir. 2009) ("We are similarly unaware of any power that a federal court has to overturn a state criminal conviction obtained by fraud, outside of power authorized by statute; i.e. through a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254."). And the rule is clear: federal courts lack subject matter jurisdiction over habeas petitions, where the habeas petitioner is no longer in

4

custody at the time of the filing of the federal habeas petition, as the Report correctly noted. ECF No. 7 at 6 – 7.

To the extent that Petitioner seeks to expand the Congressional grant of subject matter jurisdiction to federal Courts to review state court convictions, her entreaty to do so to this Court must fall on deaf ears, for it is not this Court that possesses the power to expand its own subject matter jurisdiction but only Congress has such ability. H&D Tire & Auto.-Hardware Inc. v. Pitney Bowes Inc., 250 F.3d 302, 305 (5th Cir. 2001) ("If there is a present need to expand the jurisdiction ... we cannot overlook the fact that the Constitution specifically vests that power in the Congress, not in the courts.") (quoting Snyder v. Harris, 394 U.S. 332, 341 - 42 (1969)); Lewis v. Federal Prison Indus., Inc., 953 F.2d 1277, 1285 (11th Cir. 1992) ("[E]quitable powers [of federal courts] cannot be used to expand or override the intent of Congress to provide limited legal remedies.... We should not sanction the district court's use of its equitable powers to frustrate the intent of Congress.").

Because it is only by means of a petition for writ of habeas corpus that Petitioner can bring her current challenge, as the Report correctly concluded, we reject her invitation to this Court to do what it cannot do, i.e., expand its subject matter jurisdiction by "filling in" alleged gaps in federal review of state court convictions.

Hence, since the present Petition is, in law and in fact, a Petition for Writ of habeas corpus and it cannot be anything other than that, and because Petitioner was not in custody at the time of the filing of this Petition, the Petition is dismissed for lack of subject matter jurisdiction.[1]

---

[1] Even the United States Court of Appeals for the Third Circuit apparently believed the Petition to constitute Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, since the Court of Appeals remanded the case to this Court to explicitly deny a Certificate of Appealability, notwithstanding that the Report which we adopted *in toto*, recommended the denial of a Certificate of Appealability.

Accordingly, after *de novo* review of the Report together with the Objections, the Objections are overruled, the Report is adopted as the opinion of the Court. A Certificate of Appealability is denied as jurists of reason would not find the foregoing debatable. The Clerk is to mark the case closed.

BY THE COURT,

Date: September 7, 2016

*s/Nora Barry Fischer*
NORA BARRY FISCHER
UNITED STATES DISTRICT JUDGE

cc: The Honorable Maureen P. Kelly
Chief United States Magistrate Judge

All Counsel of Record via CM-ECF

ELYSE WILSON
1268 Decatur Street, Apt. 104
Pittsburgh, PA 15233

Ben Grote
429 Rebecca Avenue, Floor 1
Wilkinsburg, PA 15221

James Baker
912 Kennebec Street
Pittsburgh, PA. 15217